IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 90-17-BMM; CR 90-24-SPW |
| Plaintiff, | **AMENDED FINDINGS AND RECOMMENDATIONS TO REVOKE DEFENDANT'S SUPERVISED RELEASE** |
| vs. | |
| ELWOOD G. HALL, | |
| Defendant. | |

## I. Synopsis

The United States accused Mr. Hall of violating his conditions of supervised release by failing to complete sex offender treatment. He admitted to the allegation. Mr. Hall's supervised release should be revoked. He should be sentenced to six months in custody, with fifty-four months of supervised release to follow on each count to run concurrently.

## II. Status

United States District Judge Paul Hatfield sentenced Mr. Hall to 360 months

1

in custody, with sixty months of supervised release to follow on June 20, 1990, after a jury found him guilty of rape. (Doc. 56.) Mr. Hall later pleaded guilty to Escape and was sentenced to thirty months in custody to run concurrently. He began his current term of supervised release on February 7, 2017.

**Petition**

The United States Probation Office filed a Petition for Warrant for Offender Under Supervision on July 28, 2017, alleging that Mr. Hall violated the conditions of his supervised release by failing to complete sex offender treatment. (CV 90-24-SPW, Doc. 2.) Based on the petition, United States District Judge Susan Watters issued a warrant for Mr. Hall's arrest. (Doc. 3.)

**Initial appearance**

Mr. Hall appeared before the undersigned on August 1, 2017, in Great Falls, Montana. Federal Defender Anthony Gallagher accompanied him at the initial appearance. Assistant United States Attorney Paulette Stewart represented the United States.

Mr. Hall said he had read the petition and understood the allegations. He waived the preliminary hearing, and the parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

Mr. Hall admitted that he violated the conditions of his supervised release. The violation is serious and warrants revocation of Mr. Hall's supervised release.

Mr. Hall's violation grade is Grade C, his criminal history category is IV, Count I of his underlying offenses is a Class A felony, and Count II of his underlying offenses is a Class A felony. He could be incarcerated for up to thirty-six months on each count. He could be ordered to remain on supervised release for sixty months on each count, less any custody time imposed. The United States Sentencing Guidelines call for six to twelve months in custody.

Mr. Gallagher recommended a sentence of fourteen days in custody, with supervised release to follow. Mr. Hall exercised his right of allocution and stated that freedom has been a challenge for him because he spent twenty-seven years in custody. Ms. Stewart recommended a low-end guideline sentence, with supervised release to follow.

### III.  Analysis

Mr. Hall's supervised release should be revoked because he admitted violating its conditions. He should be sentenced to six months in custody, with fifty-four months of supervised release to follow. This sentence would be sufficient given the seriousness of the violations but would not be greater than necessary.

### IV.  Conclusion

Mr. Hall was advised that the above sentence would be recommended to Judge Watters. The Court reminded him of his right to object to these Findings and Recommendations within 14 days of their issuance. The undersigned explained that Judge Watters would consider his objection, if it is filed within the allotted time, before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The undersigned **FINDS:**

> Elwood G. Hall violated the conditions of his supervised release by failing to complete sex offender treatment.

The undersigned **RECOMMENDS:**

> The district court should revoke Mr. Hall's supervised release and sentencing him to six months in custody, with fifty-four months of supervised release to follow.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in

whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

DATED this 9th day of August 2017.

/s/ John Johnston
John Johnston
United States Magistrate Judge