# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>ELWOOD G. HALL,<br><br>Defendant. | CR 90-17-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Elwood G. Hall (Hall) has been accused of violating the conditions of his supervised release. Hall admitted all of the alleged violations. Hall's supervised release should be revoked. Hall should be placed in custody for 18 months, with 12 months of supervised release to follow. Hall should serve his term of custody at FCI Petersburg in Virginia, or at FCI Yazoo City in Mississippi. The supervised release conditions imposed previously should be continued. The District Court should consider terminating Hall's supervised release if Hall successfully completes his sex offender treatment program while in custody.

## II. Status

Hall was convicted of two counts of Aggravated Sexual Abuse following a jury trial. The Court sentenced Hall to 360 months of custody, followed by 60 months of supervised release. (Doc. 56). Hall later pleaded guilty to Escape in Cause CV 90-24-GF-BMM. The Court sentenced Hall to 30 months of custody, followed by 60 months of supervised release in Cause CV 90-24-GF-BMM. (Doc. 56). Hall's current term of supervised release began on February 4, 2020. (Doc. 140 at 2).

**Petition**

The United States Probation Office filed a Petition on February 11, 2020, requesting that the Court revoke Hall's supervised release. (Doc. 140). The Petition alleges that Hall violated the conditions of his supervised release: 1) by failing to reside at the place approved by his probation officer; 2) by using methamphetamine; and 3) by knowingly residing in a home with children under the age of 18. (Doc. 140 at 3).

**Initial appearance**

Hall appeared before the undersigned for his initial appearance on February 19, 2020. Hall was represented by counsel. Hall stated that he had read the petition and that he understood the allegations. Hall waived his right to a

preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a joint revocation hearing in this case and in Cause CR 90-24-GF-BMM on February 19, 2020. Hall admitted that he had violated the conditions of his supervised release: 1) by failing to reside at the place approved by his probation officer; 2) by using methamphetamine; and 3) by knowingly residing in a home with children under the age of 18. The violations are serious and warrant revocation of Hall's supervised release.

Hall's violations are Grade C violations. Hall's criminal history category is IV. Hall's underlying offenses are Class A felonies. Hall could be incarcerated for up to 60 months. Hall could be ordered to remain on supervised release for up to 30 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 6 to 12 months.

### III.  Analysis

Hall's supervised release should be revoked. Hall should be incarcerated for 18 months, with 12 months of supervised release to follow. This sentence is sufficient but not greater than necessary. Hall should serve his term of custody at FCI Petersburg in Virginia, or at FCI Yazoo City in Mississippi, if possible. The

supervised release conditions imposed previously should be continued. The District Court should consider terminating Hall's supervised release if Hall successfully completes his sex offender treatment program while in custody.

## IV. Conclusion

The Court informed Hall that the above sentence would be recommended to United States District Judge Brian Morris. The Court also informed Hall of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Hall that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

> That Elwood G. Hall violated the conditions of his supervised release: by failing to reside at the place approved by his probation officer; by using methamphetamine; and by knowingly residing in a home with children under the age of 18.

The Court **RECOMMENDS:**

> That the District Court revoke Hall's supervised release and commit Hall to the custody of the United States Bureau of Prisons for 18 months, with 12 months of supervised release to follow. The sentence imposed in this case should run concurrent with the sentence imposed in Cause CR 90-24-GF-BMM. Hall should serve his term of custody at FCI Petersburg in Virginia, or at FCI Yazoo City in Mississippi, if possible. The supervised release conditions imposed previously should be continued. The District Court should consider terminating Hall's supervised release if Hall successfully completes his sex offender treatment program while in custody.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A district judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district judge, and may waive the right to appear and allocute before a district judge.

DATED this 20th day of February, 2020.

/s/ John Johnston
John Johnston
United States Magistrate Judge